UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17-CV-80959-ROSENBERG/HOPKINS

PHILIP REVIEN,

    Plaintiff,

v.

EASTERN REVENUE, INC.,

    Defendant.
_____/

**DEFENDANT EASTERN REVENUE, INC.'S BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Eastern Revenue, Inc. ("Defendant" or "ERI"), by and through its counsel, hereby moves this Court for any Order granting it summary judgment and dismissing Plaintiff Philip Revien's ("Plaintiff") claims pursuant to Fed. R. Civ. P. 56(a).

Table of Contents

**I.   INTRODUCTION** ................................................................................................................. 4

**II.  FACTUAL BACKGROUND** .............................................................................................. 4

**III. LEGAL STANDARD** ......................................................................................................... 6

**IV. LEGAL ARGUMENT** ........................................................................................................ 7

   **A.  Defendant Is Authorized To Collect Interest, Collection Costs, And** ........................... 7

   **Processing Fees.** ...................................................................................................................... 7

   **B.  Defendant Did Not Violate The FDCPA Or FCCPA Because Defendant Was** ......... 11

   **Entitled To Collect Interest, Collection Costs, And Processing Fees.** ................................. 11

**V.  CONCLUSION** .................................................................................................................. 12

Table of Authorities

## Cases

*BellSouth Telecomm., Inc. v. Grace & Co.,* 77 F.3d 603, 615 (2d Cir.1996) ................................. 7
*Bradley v. Franklin Collection Services*, No. 13-12276, 2014 U.S. App. LEXIS 11, at *3 (11th Cir. 2014) ................................................................................................................... 9, 10, 11
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) .................................................................. 6
*Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir.1988) .......................................... 7

## Statutes

§ 1692e(2) .................................................................................................................................. 5, 11
§ 1692f(1) ......................................................................................................................................... 5
§ 559.72(9) ................................................................................................................................. 5, 12
15 U.S.C. § 1692 *et seq* .................................................................................................................. 4
Fla. Stat. § 559.551 *et seq.* ............................................................................................................. 4

## Regulations

34 CFR 674.31(b)(5) ....................................................................................................................... 8
34 CFR 674.31(b)(9) ....................................................................................................................... 8
34 CFR 674.31(b)(1) ....................................................................................................................... 8

## Rules

Fed. R. Civ. P. 56(a) ....................................................................................................................... 6
Fed. R. Civ. P. 56(b) ................................................................................................................... 6, 7
Fed. R. Civ. P. 56(c)(4) ................................................................................................................... 7

**I.     INTRODUCTION**

Plaintiff's claims arise out of two collection letters that Defendant sent to Plaintiff dated March 6, 2017 and July 26, 2017. Defendant includes in these letters the amount of interest, collection costs, and processing fees that Plaintiff incurred by failing to make payments on a $1,500.00 Federal Perkins loan. Plaintiff now refutes these charges, claiming Defendant has no right to collect the listed amounts. Plaintiff's argument is fatally flawed, as Defendant may clearly collect interest, collection costs, and processing fees under both the Federal Perkins Loan statute, 34 CFR 674.31, and the terms of Plaintiff's Promissory Note. As such, Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgment as to all of Plaintiff's claims, all of which are baseless.

**II.    FACTUAL BACKGROUND**

Plaintiff Philip Revien ("Plaintiff") filed a Complaint against Defendant Eastern Revenue, Inc. ("Defendant" or "ERI") on August 17, 2017 in the United State Court for the Southern District of Florida, alleging that Defendant violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.551 *et seq*. (Doc. 1 at ¶ 1). Specifically, Plaintiff alleges that Defendant violated § 1692f of the FDCPA, specifically § 1692f(1), by attempting to collect amounts not "expressly authorized by an agreement creating the debt" or permitted by law. (Doc. 1 at ¶ 54). Plaintiff also alleges that Defendant violated § 1692e of the FDCPA, specifically § 1692e(2) and (10), by falsely representing the "character, amount, or legal status of [the] debt" and using "false representation or deceptive means to collect or attempt to collect any debt." (Doc. 1 at ¶ 55). Lastly, Plaintiff alleges that Defendant violated § 559.72(9) of the FCCPA by "attempting […] to enforce a debt when such person knows that the debt is not

legitimate, or assert[s] the existence of some other legal right when such person knows that the right does not exist." (Doc. 1 at ¶ 63)

The Complaint alleges that on or about March 6, 2017, Defendant mailed a letter to Plaintiff ("March 6, 2017 letter"), alleging that Plaintiff incurred a financial obligation to Iona College arising from a Federal Perkins Loan. (Doc. 1 at ¶ 1); (*See* Exhibit A). Plaintiff executed the Perkins Loan agreement (hereinafter "the promissory note") on November 4, 1996. (Doc. 1 at ¶ 20); (*See* Exhibit B). At the time Defendant sent the letter, the debt was alleged to be in default as Plaintiff had not made a payment on or towards the debt in more than five years. (Doc. 1 at ¶ 30). This letter was addressed to Plaintiff's New York address. (*See* Exhibit A). Plaintiff alleges that Defendant then sent a collection letter to his Florida address on July 26, 2017 ("July 26, 2017 letter"). (Doc. 1 at ¶ 26); (*See* Exhibit C). Both of these letters inform Plaintiff as to the amounts under Plaintiff's contract with Iona College for which Defendant sought payment, including the principal owed, the interest, collection costs, and the outstanding balance. (Doc. 1 at ¶ 34); (*See* Exhibits A, C). Specifically, in the March 6, 2017 letter Defendant sought $1050.83 in interest and $757.52 in collection costs in addition to the principal balance. (Doc. 1 at ¶ 25); (*See* Exhibit A). In the July 26, 2017 letter, Defendant sought an amount owed of $3,337.53. (Doc. 1 at ¶ 26); (*See* Exhibit D).

Plaintiff now alleges that Defendant is not entitled to seek interest, collection costs, and credit card processing fees. (Doc. 1 at ¶ 54). Plaintiff alleges that this violates 1692f because Defendant lacks any statutory or contractual authority to do so. (Doc. 1 at ¶ 54). Plaintiff further alleges that because Defendant attempted to collect these amounts without any authority, Defendant has violated § 1692e of the FDCPA and § 559.72(9) of the FCCPA. (Doc. 1 at ¶¶ 55, 63). Defendant denies Plaintiff's allegations. Defendant is authorized by statute and the terms of

the promissory note to collect interest, collection costs, and processing fees. Not only does the Federal Perkins Loan statute provide that a party may collect interest and other collection costs, 34 CFR 674.31, but Plaintiff agrees to repay these amounts in the promissory note. ("I agree to pay the school, or a subsequent holder of the Promissory Note, the sum of amount(s) advanced to me under the terms of the Note, plus interest and other fees which may become due as provided in this Note."). Moreover, Eleventh Circuit authority states that Defendant may seek reasonable collection costs. Based on Defendant's authority to collect such amounts, Defendant denies Plaintiff's claims that ERI falsely represented the "character, amount, or legal status of the debt", or that Defendant attempted to enforce a debt that it knew was not legitimate.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c)(1)(B) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(b). With respect to Rule 56, the United States Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

> immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV.     LEGAL ARGUMENT

### A.     Defendant Is Authorized To Collect Interest, Collection Costs, And Processing Fees.

Plaintiff claims that Defendant violated Section 1692f(1) by attempting to collect interest, collection costs, and credit card processing fees. Plaintiff claims Defendant lacks any statutory or contractual authority to do so. However, Federal Perkins Loans statutes clearly authorizes the collection of these amounts which Plaintiff plainly agreed to in the Promissory Note. Since Defendant's actions complied with the FDCPA, Plaintiff's claims are completely baseless.

Under the Federal Perkins Loan statute, loans accrue interest at the rate of 5 percent per annum on the unpaid balance. (*See* 34 CFR 674.31(b)(1)) ("The promissory note must state that the rate of interest on the loan is 5 percent per annum on the unpaid balance […]."). Late charges may be assessed against a borrower with regards to Federal Perkins Loans if the borrower does not repay all or part of a scheduled repayment when due. (*See* 34 CFR 674.31(b)(5)). The statute further authorizes a party to collect from the borrower all attorney's fees as well as other loan collection costs and charges with regards to the loan. (*See* 34 CFR 674.31(b)(9)) ("The promissory note must state that the borrow shall pay all attorney's fees and other loan collection costs and charges.").

The terms of the note reinforce the rights that the statute provide Defendant and clearly states Plaintiff's obligation to pay the refuted amounts. Plaintiff agreed to repay interest on the loan multiple times. The promissory note explicitly states the statutory interest rate of 5%. (*See*

Exhibit B, Promissory Note) ("a. Interest Rate 5%"). Plaintiff agrees that he is obligated to repay the principal amount *as well as the interest that accrues upon it*. (*See* Exhibit B, Promissory Note) ("I am obligated to repay the principal and the interest that accrues on it to the above-named institution […]."). Plaintiff was apprised of not only the interest rate, but the time and manner in which the interest accrued. (*See* Exhibit B, Promissory Note) ("Interest on this loan shall accrue from the beginning of the repayment period.").

Plaintiff also plainly agrees to pay collection costs and card processing fees in the agreement. Under the "promise to pay" heading, Plaintiff agrees that by signing the note, he agrees to pay for "all reasonable collection costs, including attorney's fees and other charges, necessary for the collection of any amount not paid when due." \[1] (*See* Exhibit B, Promissory Note). As if there were any doubt that Plaintiff had agreed to the collection of all three disputed amounts, Plaintiff again agrees to be held financially responsible for interest, collection costs, and card processing fees when he further consented to his financial responsibility for all the outstanding balance on the loan. (*See* Exhibit B, Promissory Note) ("I promise to pay the school, or a subsequent holder of the Promissory Note, the sum of amount(s) advanced to me under the terms of this Note, plus interest and other fees which may become due as provided in this Note.").

As an entity authorized by Iona College to pursue interest, collection costs, and processing fees, Defendant is authorized to recoup these amounts just as Iona was pursuant to the Federal Perkins Loans statute and the promissory note. Since Plaintiff agreed to the above listed conditions, Defendant has authority to collect the disputed amounts and thus has not violated any

---

[1]/ Defendant calculates collection costs and other costs by using the "make whole" method. Under the make whole method, Defendant seeks amounts using a formula that allows its client to be reimbursed fully AND covers Defendant's expenses and fees (as opposed to Defendant's clients subtracting its fees from the total amount recouped). (*See* Exhibit D, "Contract with Iona College").

section of the FDCPA. Plaintiff clearly authorized Defendant to recoup interest, collection costs, and processing fees and cannot now attempt to back out of the terms of the loan, especially where Defendant's authority to seek these amounts is so clearly established. Defendant seeks exactly what the statute and the promissory note authorize it to recover. Plaintiff's claims are baseless given the obvious authority on which Defendant's ability to collect relies upon. There is no dispute that the promissory note explicitly stated that interest may be incurred on the Perkins Loan, which is expressly authorized by the statute.

Plaintiff will likely rely upon *Bradley v. Franklin Collection Services* to support his proposition that Plaintiff agreed to pay *reasonable* collection costs, and that the current collection costs are not reasonable under the given circumstances. *Bradley v. Franklin Collection Services*, No. 13-12276, 2014 U.S. App. LEXIS 11, at *3 (11th Cir. 2014). Plaintiff's reliance is misplaced. In *Bradley*, the 11th Circuit considered whether a flat 33 1/3% collection fee was authorized under a contract (and therefore did not violate the FDCPA) that plaintiff executed with his medical services provider. *Id*. In exchange for receiving medical services, plaintiff signed an agreement stating that "In the event of non-payment […] I agree to pay all costs of collection, including a reasonable attorney's fee […]." *Id*. at *4. Defendant imposed a flat 33 1/3% collection fee to plaintiff's amount and sought to collect the outstanding amount due. *Id*. at *8. The Court ruled that defendant's percentage-based fee, which was assessed before defendant attempted to collect the balance due, did not "bear any correlation to the actual cost of [defendant's] collection effort." *Id*. Thus, because of the fee's nature and defendant's failure to correlate the fee with the amount due, the Court ruled that the collection cost sought was not due under the contract and therefore violated the FDCPA. *Id*. ("Bradley agreed to pay the actual costs of collection; he did not agree to pay a percentage above the amount of his outstanding debt that

was unrelated to the actual costs to collect that debt.").

Here, Defendant sought collection costs that are related to the actual cost of collecting. Defendant seeks to be reimbursed for its efforts by the "make whole" method, which is inherently different than the flat fee method. Under the make whole method, debt collectors seek collection costs that permit the creditor to obtain the full amount if its principal *in addition* to the owed debt collector's fees.\[2] Such a fee arrangement relates to the actual cost of collection because it attempts to reimburse both creditor and collector by using a more exacting calculation to tally expenses an on-going basis—the more a creditor charges in pursuit of someone's outstanding debt, the more that person is expected to pay. This is inherently different than the flat fee method used in *Bradley*, which was charged *before* any collection costs were incurred and does not attempt to calculate the actual costs incurred on an on-going basis.

Not only does the make whole method relate more reasonably to the actual costs of collection, but the wording of the instant agreement is more expansive than that agreement in Bradley. While in Bradley the plaintiff agreed that "in the event of non-payment […] I agree to pay all costs of collection […]", the Plaintiff here agreed to pay all reasonable collection costs *as well as* "other charges[] necessary for the collection of any amount not paid when due." *Id*. at \*3; (*See also* Exhibit B, Promissory Note). The language in the instant promissory note is more expansive since Plaintiff agrees to pay *other charges necessary*, in addition to reasonable collection costs. This would include amounts Defendant incurred in the pursuit of Plaintiff's outstanding balance, since as explained above Defendant is only seeking reasonable costs as calculated by the make whole method. Accordingly, judgment should be granted in Defendant's favor, and Plaintiff's claims under Section 1692f must fail.

---

[2]/ Defendant's fee with Iona College is 23%. (*See* Exhibit D, "Contract with Iona College").

### B.     Defendant Did Not Violate The FDCPA Or FCCPA Because Defendant Was Entitled To Collect Interest, Collection Costs, And Processing Fees.

Since Defendant was entitled by statute and the promissory note to collect interest, collection costs, and processing fees, Defendant's pursuit of these costs do not violate the FDCPA or the FCCPA. Plaintiff first contends that Defendant violated the FDCPA because the addition of these amounts renders the debt false and deceptive. Under the FDCPA, a debt collector may not falsely represent the "character, amount, or legal status of any debt", nor use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(10). Defendant has not falsely represented any amount since ERI sought what it was entitled to under the Federal Perkins Loan statute and the promissory note. ERI remains entitled to pursue interest, collection costs, and processing fees based on the above analysis; thus, Plaintiff's claims are patently untrue. Plaintiff relies on no authority to refute Defendant's ability to rightfully collect the stated amounts, and fails to suggest any way in which the terms of the note OR the Federal Perkins Loan statute do not apply. Instead, Plaintiff asserts a bare and baseless claim that flies in the face of Defendant's clear authority to pursue interest, collection costs, and processing fees.

Similarly, Plaintiff fails to provide any authority that Defendant violated the FCCPA. Under the FCCPA, no party may "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). As is the case with Plaintiff's asserted FDCPA violation, Plaintiff fails to refute Defendant's statutory and contractual ability to collect the stated amounts, or provide any evidence that ERI knew that the amounts it sought to collect were somehow illegitimate. Plaintiff's assertion is false as Defendant clearly may pursue

the stated amounts. Accordingly, this court should dismiss Plaintiff's claims as he fails to state a claim in which there is a material dispute.

V.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully moves this Court to enter judgment in favor of Defendant and against Plaintiff pursuant to Federal Rule of Civil Procedure 56(a).

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080