**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| PHILIP REVIEN,<br>Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 9:17-cv-80959 |
| EASTERN REVENUE, INC.,<br>Defendant | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Eastern Revenue, Inc. ("Defendant" or "ERI"), by and through its undersigned counsel, hereby files this Response to Plaintiff's Motion for Partial Summary Judgment.

**TABLE OF CONTENTS**

**I. INTRODUCTION** .......... 4
**II. STATEMENT OF FACTS** .......... 4
**III. LEGAL STANDARD** .......... 5
**IV. PLAINTIFF HAS FAILED TO ESTABLISH THE MATERIAL FACTS OF HIS CLAIM** .......... 6
**V. CONCLUSION** .......... 11

## TABLE OF AUTHORITIES

### Cases

*Alboniga v. School Board of Broward County, Florida*, No. 14-CIV-60085-BLOOM/Valle, 2015 U.S. Dist. LEXIS 15832 (S.D. Fla. Feb. 10, 2015)....8
*Bryant v. Aargon Collection Agency, Inc*., No. 17-cv-14096-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 109939 (S.D. Fla. June 30, 2017)....10, 11
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)....6
*Evenson v. Hartford Life & Annuity Ins. Co.*, No. 6:07-cv-224-Orl-28UAM, 2007 U.S. Dist. LEXIS 73543 (M.D. Fla. Sept. 28, 2007)....8
*F.W.F. Inc. v. Detroit Diesel Corp*., No. 04-81200-CIV-HURLEY/HOPKINS, 2007 U.S. Dist. LEXIS 53673 (S.D. Fl. May 29, 2007)....9
*Lee v. Main Accounts, Inc.*, No. 96-3922, 1997 U.S. App. LEXIS 41415 (6th Cir. 1997)....11
*Liberty Mutual Insurance Co. v. Aventura Engineering & Construction Corp.*, No. 06-22494-CIV, 2008 U.S. Dist. LEXIS 11783 (S.D. Fl. Jan. 8, 2008)....9
*Miami Heart Institute v. Sullivan*, No. 87-6107, 1989 U.S. App. LEXIS 3540 (11th Cir. 1989)....9
*Sanislo v. Give Kids the World, Inc.*, No. SC12-2409, 2015 Fla. LEXIS 214 (Fl. 2015)....9
*United States v. Frade*, No. 8205179, 1983 U.S. App. LEXIS 25752 (11th Cir. 1983)....8

### Statutes

15 U.S.C. § 1692f(1)....5, 7, 10, 11
15 U.S.C. § 1692....5
Fla. Stat. § 559....5

### Rules

Fed. R. Civ. P. 56(a)....6
Fed. R. Civ. P. 56(b)....6

### Regulations

34 CFR 647.31(9)....7, 8, 9, 11
34 CFR 647.45(e)....7, 8, 11

## I. INTRODUCTION

Plaintiff's claims arise out of two collection letters sent by Defendant, dated March 6, 2017 and July 26, 2017, in connection with Plaintiff's delinquent Federal Perkins Loan. Defendant's letter informed Plaintiff that, if Plaintiff voluntarily chose to make payment for the obligation using a credit card instead of mailing in a check or money order, a processing fee incurred by Defendant for using a third party payment processor would be passed along to Plaintiff for the convenience of using that payment method. Plaintiff claims that Defendant has no right to seek payment of a convenience fee. Plaintiff's argument is fatally flawed as Defendant may clearly collect processing fees (as well as interest and collection costs) under both the Federal Perkins Loan laws and the terms of Plaintiff's Promissory Note. As such, Defendant respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment.

## II. STATEMENT OF FACTS

Plaintiff commenced this action by filing his Complaint on August 17, 2017 in the Southern District of Florida, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559 *et seq.* ("FCCPA"). (Doc. 1 at ¶ 1). All of Plaintiff's claims are premised upon allegations that Defendant improperly sought interest, collection costs, and credit card processing fees in contravention of the FDCPA and the FCCPA. (Doc. 1 at ¶¶ 54-55, 63).

On January 16, 2018, both Defendant and Plaintiff filed Motions for Summary Judgment. (Doc. 33, 34). Defendant moved for Summary Judgment on all of Plaintiff's stated issues; Plaintiff moved for Partial Summary Judgment solely on the credit card processing issue. (Doc. 33, 34). Specifically, Plaintiff asserts that Defendant is not authorized by law or agreement to

collect credit card processing fees. (Doc. 33 at ¶ 26). Moreover, Plaintiff asserts that the processing fee language does not contain the proper exculpatory language. (Doc. 33 at ¶¶ 23-25). Such attempts by Defendant to recoup processing fees thus allegedly violates § 1692f(1) of the FDCPA. (Doc. 33 at ¶ 26). § 1692 of the FDCPA prohibits a debt collector from using "unfair or conscionable means to collect or attempt to collect a debt," which the statute defines as "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Defendant files this instant Response to Plaintiff's Motion for Partial Summary Judgment in response to Plaintiff's contentions. Plaintiff erroneously states a claim under § 1692f(1) since no collection has occurred, as required by the statute. Moreover, not only does ERI have contractual authority pursuant to Plaintiff's promissory note to collect credit card processing fees (as well as collection costs and interest, which Plaintiff does not refute in his Motion), but Defendant is also authorized by Federal Perkins Loan regulations to do so. Plaintiff's asserted case law thus does not apply to the current set of facts. Therefore, for the foregoing reasons this Court should deny Plaintiff's Partial Motion for Summary Judgment.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c)(1)(B) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact." Fed. R. Civ. P. 56(b).  With respect to Rule 56, the United States Supreme Court has explained:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. PLAINTIFF HAS FAILED TO ESTABLISH THE MATERIAL FACTS OF HIS CLAIM

Plaintiff has failed to come forward with evidence proving material facts sufficient to entitle him to summary judgment on his asserted claim. Plaintiff alleges that Defendant is not entitled to collect processing fees since Defendant has no legal or contractual authority to do so. (Doc. 33 at ¶ 20). Plaintiff errs in both regards. Not only has no collection occurred in order to invoke the protection of § 1692f(1), but Defendant was entitled to processing fees based on both Perkins Loan regulations and prior agreement. Plaintiff relies on inapposite case law to support his misguided claim.

Plaintiff first misses the fundamental requirement under § 1692f(1) that a party *collect* an amount prohibited by the statute. 15 U.S.C. § 1692f(1) (prohibiting "the *collection* of any amount […]" unless such amount is authorized by law or by agreement) (emphasis added). Plaintiff has failed to make any payment towards his outstanding balance—by card or otherwise. Thus, Plaintiff has not been charged any credit card processing fees whatsoever. He cannot avail himself of the FDCPA statute since Defendant *has not even collected* the allegedly wrongful

amounts. Plaintiff asserts an illusory injury. Since he fails to meet a basic requirement of the statute, Plaintiff cannot possibly establish a material claim that this Honorable Court need address.

Plaintiff also errs by asserting that Defendant has no authority to collect processing fees. ERI is able to do so pursuant to Federal Perkins Loan regulations and the terms of the promissory note. The Federal Perkins Loan regulations outline what fees and other costs may be lawfully sought. *See* 34 CFR 647.45(e) ("[…] the institution shall assess against the borrower all reasonable costs incurred by the institution with regard to a loan obligation."). Such terms must be specified in the promissory note. *See* 34 CFR 674.31(9) ("The promissory note must state that the borrower shall pay all attorney's fees and *other loan collection costs and charges*") (emphasis added). Plaintiff's promissory note with Iona College complies with the Federal Perkins Loan mandate outlined in 34 CFR 647.31(9), as the promissory note explicitly states that Plaintiff is responsible for paying "all reasonable collection costs, including attorney's fees and other charges, necessary for the collection of any amount not paid when due." (*See* Ex. A, Promissory Note). Plaintiff further agrees to pay these fees when agreeing to the terms in the event of default. (*See* Ex. A, Promissory Note) ("If I fail to make a scheduled payment when due […] the school may […] declare my loan to be in default and may accelerate my loan (demand immediate payment of the entire unpaid balance of the loans, *including* […] *collection costs*).") (emphasis added).

The plain meaning of both the regulations and the promissory note supports Defendant's ability to collect processing fees. *See Evenson v. Hartford Life & Annuity Ins. Co.*, No. 6:07-cv-224-Orl-28UAM, 2007 U.S. Dist. LEXIS 73543 (M.D. Fla. Sept. 28, 2007) ("As a general rule of interpretation, the plain meaning of a regulation governs."); *see also United States v. Frade*,

No. 8205179, 1983 U.S. App. LEXIS 25752 (11th Cir. 1983) ("regulations are to be interpreted with a common sense regard for regulatory purposes."). As a plain reading of 34 CFR 647.45(e) implies, a party is entitled to charges incurred in the process of collecting the balance. *See Alboniga v. School Board of Broward County, Florida*, No. 14-CIV-60085-BLOOM/Valle, 2015 U.S. Dist. LEXIS 15832 (S.D. Fla. Feb. 10, 2015) ("Courts must employ the same canons of construction when construing regulatory language as apply to statutory construction."). Since the processing fee is only assessed by virtue of Plaintiff's submission of his collection information, this is the type of charge contemplated by the regulation. Defendant seeks processing fees only when redeeming Plaintiff's given payment information as set forth on the collection letters. (See Ex. B, March 6, 2017 Collection Letter, and Ex. C, July 26, 2017 Collection Letter (together the "collection letters")). Third party credit card processors charge Defendant every time that Defendant seeks to processes these card payments. These fees are not phantom charges—they are the costs that Defendant incurs when Plaintiff chooses to utilize the convenience of card payments. In this way, processing fees are exactly the type of charges contemplated by the regulation since the fees are assessed at the point that Defendant is collecting payment. Defendant does no more than pass this expense on to the party who chooses this payment option, which, as discussed below, Plaintiff is not obligated to use. 34 CFR 647.31(9) confirms that parties are forewarned of this charge in promissory notes, as Plaintiff here had been. *See Miami Heart Institute v. Sullivan*, No. 87-6107, 1989 U.S. App. LEXIS 3540 (11th Cir. 1989) ("In interpreting a regulation, each part or section should be construed in connection with every other part […] so as to produce a harmonious whole.").

In conjunction with the Federal Perkins Loan regulations, basic tenets of contract law support the common sense conclusion that Defendant would be able to recoup card processing

fees. (*See* Ex. A, Promissory Note) ("The terms of this note […] shall be interpreted in accordance with Part E of Title IV of the Higher Education Act of 1965, […] *as well as Federal regulations issued under the Act*.") (emphasis added). Under Florida contract law, the plain meaning of the contract controls. *See Liberty Mutual Insurance Co. v. Aventura Engineering & Construction Corp.*, No. 06-22494-CIV, 2008 U.S. Dist. LEXIS 11783 (S.D. Fl. Jan. 8, 2008) ("When a contract is clear and unambiguous, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls."). Words are given "their plain, ordinary and everyday meaning as understood by a reasonable person," and must be read so as to give meaning reflected by the contract taken as a whole. *See F.W.F. Inc. v. Detroit Diesel Corp.*, No. 04-81200-CIV-HURLEY/HOPKINS, 2007 U.S. Dist. LEXIS 53673 (S.D. Fl. May 29, 2007). Contracts are interpreted against the backdrop of the parties' intent. *See Sanislo v. Give Kids the World, Inc.*, No. SC12-2409, 2015 Fla. LEXIS 214 (Fl. 2015) ("Contract interpretation is largely an individualized process with the conclusion in a particular case turning on the particular language used against the background of other indicia of the parties' intention."). By using the term "other charges" in a sentence that contemplates costs necessary for collection, the note clearly allows for the costs that Defendant reasonably incurs in connection with recouping the outstanding balance. The promissory note allows Defendant to collect those amounts authorized by the Federal Perkins Loan statute, which by its terms also allows Defendant to recoup costs expended in pursuing Plaintiff's delinquent amount. Moreover, processing fees are clearly contemplated in "other charges" since Plaintiff would only be assessed the processing fee if he rendered payment towards his account. The fee would thus *only* be charged should he submit to collection efforts. Payment towards the delinquent account using a method voluntarily chosen by Plaintiff is the *only* circumstance under which Plaintiff would be

assessed this fee. A reasonable person should thus assume that a processing fee could and would be contemplated by the promissory note since the fee would be assessed only when a credit card payment is tendered. Plaintiff thus cannot validly claim that such charges are not expressly authorized and in violation of §1692f(1).

Plaintiff additionally errs in his Motion for Partial Summary Judgment by relying on *Bryant v. Aargon Collection Agency, Inc*., No. 17-cv-14096-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 109939 (S.D. Fla. June 30, 2017). Plaintiff cites *Bryant*, alleging "the collection letters at issue here did not have the exculpatory language that the letter in Bryant had." (Doc. 33 at ¶ 24). In *Bryant*, the Southern District of Florida contemplated Defendant debt collector's statement in its collection letter regarding credit card fees. *Id*. at *2. The letter stated that "certain states require we notify you that a fee of 2% may be assessed for using a credit card if authorized by law." *Id*. By using the exculpatory language "if authorized by law," the court concluded that the letter did not violate § 1692f(1). *Id*. at *17. *Bryant*'s holding does not directly apply to the current facts because the debt in Bryant was not a Federal Perkins Loan. Thus, no applicable law authorized the allegedly improper processing fees as do the Perkins Loan regulations in the current case. *See* 34 CFR 647.45(e); *see also* 34 CFR 647.31(9). Moreover, the plaintiff in *Bryant* had not duly executed an agreement also explicitly authorizing the charges. (*See* Ex. A, Promissory Note).

While the holding is inapplicable under the current facts, the logic relied upon in *Bryant* actually supports ERI's assertion that processing fees do not violate § 1692f(1). The *Bryant* court held that since the least sophisticated consumer was free to pay in any manner (not just by credit card), "the additional fee associated with one payment option is reasonably avoidable by the least sophisticated consumer." *Bryant*, at. *18. Just as in *Bryant*, the Plaintiff here was free to submit

payment in many different manners, and was not obligated to use a credit card. *See also Lee v. Main Accounts, Inc.*, No. 96-3922, 1997 U.S. App. LEXIS 41415 (6th Cir. 1997) (dismissing a claim that a debt collector violated the FDCPA by imposing a five percent charge if a debtor opted to pay the debt by credit card because use of the credit card was a voluntary option). Plaintiff would only incur the processing fee should he choose of his own volition to fill out his credit card information in the box provided on the collection letters. Defendant permits payment by check and money order, in addition to the card payment option listed on the collection letters. None of these other options has a fee associated with it, nor is Plaintiff required to submit payment by filling out the relevant portion of the letters. (*See* Ex. B and C, Collection Letters). Plaintiff thus has not been charged any fee that he could not reasonably avoid (or any fee for that matter, in violation of § 1692f(1) or otherwise, as stated above). Based on Plaintiff's erroneous reliance on *Bryant* and the fact that both law and prior agreement support the disputed collection of processing fees, this court should deny Plaintiff's Motion for Partial Summary Judgment.

## V.     CONCLUSION

For the foregoing reasons, this court should deny Plaintiff's Partial Motion for Summary Judgment.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080