UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:17-cv-80959

PHILIP REVIEN,

    Plaintiff,

v.

EASTERN REVENUE, INC.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE[1]**

Plaintiff, PHILIP REVIEN, through his counsel, submits this Response to the Court's Order to Show Cause [D.E. 49]:

1.    On September 5, 2017, the Court issued an Order [D.E. 5] directing the Parties to, *inter alia*, agree upon a mediator along with a date, time and place for such mediation to take place. Upon disagreement as to who should serve as mediator, on October 11, 2017, the Clerk randomly appointed Laurie L. Riemer (the "Mediator") to mediate this matter. [D.E. 25]. The undersigned conferred with Plaintiff, opposing counsel and the Mediator and scheduled a two-hour mediation to take place February 13, 2018 at 10:00 a.m. Plaintiff fully complied with this Court's Order [D.E. 5].

2.    On February 13, 2018 at 10:00 a.m. Plaintiff, a representative for Defendant, Defendant's counsel and the undersigned were promptly present, in person, at the scheduled

---

[1] Because of the inherit confidential nature of mediation proceedings, this Response attempts to omit as much detailed information as possible while simultaneously attempt to strike a balance and adhere the Plaintiff's duty to truthfully and diligently respond to this Court's Order to Show Cause [D.E. 49].

venue to mediate the case at bar. The Mediator was 15-20 minutes late. Prior to the Mediator's arrival, through conversation with Plaintiff in the presence of Defendant's representative and its counsel, the undersigned was made aware by Plaintiff of his mistaken belief that the mediation was scheduled to last for one hour and not two hours. Plaintiff, a self-employed small-business owner, had an 11:30 appointment with a new prospective client in Boca Raton. In order to make to make his meeting, he would need to leave the mediation by 11:00 a.m. The Mediator arrived shortly thereafter, and mediation commenced at approximately 10:20 a.m.

3. For the duration of approximately thirty minutes, both Plaintiff and Defendant presented opening statements followed by heavily-active, fierce, bi-lateral deliberation and argument to each other and to the Mediator. Given that on the day of the mediation both parties had, within less than 24 hours leading up to the mediation, fully briefed cross-motions for summary judgment, all parties were very much aware with great detail of the points of contention in the case.

4. Prior to the mediation, Plaintiff and the undersigned discussed and determined a reasonable amount to settle the instant case at its current posture. Plaintiff and his counsel appeared at mediation knowing the lowest amount Plaintiff would accept to resolve this case at mediation.

5. At approximately 10:45 a.m. Plaintiff and Defendant (with their respective counsel) were placed in separate rooms. The mediator first met with Defendant to discuss the matter and obtain settlement authority. After approximately twenty-five minutes, at 11:15, Plaintiff left the mediation to attend the previously scheduled appointment with the prospective client.

6. Before Plaintiff left, Plaintiff drafted and left a signed document with the undersigned to pass along to the Mediator which stated his absolute bottom-line figure to settle this matter.

7. When the Mediator met with the undersigned at around 11:30, she was presented with Plaintiff's bottom-line offer[2]. The Mediator also conveyed an offer made by Defendant that was nearly twenty-times less than the amount that Plaintiff was willing settle the matter for (per the signed document). The figure presented by Defednant was also the same figure Plaintiff had already rejected roughly 36 hours before the mediation. The Mediator ultimately presented Defendant with Plaintiff's bottom-line offer, which was subsequently rejected.  The mediation ended at an impasse.

**I. Plaintiff Appeared at the Mediation with Full Settlement Authority**

8. The Southern District of Florida Local Rule 16.2(e) (the "Rules") states:

> Unless excused in writing by the presiding Judge, all parties and required claims professionals (*e.g.,* insurance adjusters) shall be physically present at the mediation conference (*i.e.,* in person if the party is a natural person or by personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement.
> …
> The mediator shall report non-attendance to the Court. Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

9. As required by the Rules, Plaintiff was physically present for the mediation.  He participated in active, intense and scrutinized deliberation with Defendant and the Mediator. Plaintiff, with the aid of his counsel, also actively partook in direct questioning and scrutiny regarding his legal and factual position by the Mediator during this time.

---

[2] If the Court deems it necessary, Plaintiff is capable of producing the original signed document that was presented to the Mediator.

10. Plaintiff was also present with full settlement authority, as the Rules require. Plaintiff knew what his bottom-line was to settle the matter, and such figure was memorialized in a writing that he physically left with the undersigned to present to the Mediator as his full settlement authority while he was present at the mediation.

11. Plaintiff respectfully submits to this Court that although he did leave the mediation before the two hours that the mediation *could* have last for, he nonetheless complied with the requirements of the Rules and this Court's Order.

12. Indeed, this Court has acknowledged that cause for sanctions *may* be found when a party attends a mediation for a "few minutes" and then leaves, but such was certainly not the case here. *See Procaps S.A. v. Patheon Inc.*:

> To be sure, a trial court can sanction a party for violations of objective mediation requirements, such as: (1) not attending a court-ordered mediation, (2) not having a representative with sufficient settlement authority attend the mediation, (3) failing to submit a court-required written mediation summary, (4) *leaving a mediation after a few minutes (or some other inadequate amount of time)*, and (5) failing to timely give notice before a court-required mediation that it did not intend to make a settlement offer at a mediation.

12-24356-CIV, 2015 WL 3539737, at *1 (S.D. Fla. June 4, 2015) (J. Goodman) (emphasis added).

13. In sum, Plaintiff actively partook in the material portions of the mediation, he physically appeared in good-faith with his maximum settlement authority and conveyed his full settlement authority that was ultimately rejected. Admittedly and apologetically, through a genuine scheduling mistake, Plaintiff left the mediation early, however, respectfully, Plaintiff submits that he nonetheless met the requirements of the Rules and this Court's Order.

**II. Neither the Defendant nor Mediator were Prejudiced or Harmed**

14. Plaintiff also prays that this court consider the fact that no party was prejudiced or harmed by Plaintiff's departure. Plaintiff physically appeared for mediation in good faith and

provided his rock bottom settlement demand to resolve this matter. Although because of a calendaring mistake by Plaintiff in allocating one hour to the mediation, and not two, no party was prejudiced or harmed as Plaintiff appeared, deliberated the merits and presented his absolute lowest amount that he was willing to settle the matter for.

15. At mediation, Plaintiff's offer was rejected the same way it has been through several attempts to settle the matter over the preceding months leading to mediation. Had plaintiff stayed an additional 35 minutes, the outcome of the mediation, an impasse, would have not changed.

## CONCLUSION

Plaintiff did not believe that his actions would constitute the possibility of court-imposed sanctions especially given the fact that he was present at the mediation for most of the duration and conveyed his bottom-line offer. By Plaintiff leaving earlier, Defendant was not prejudiced or harmed as there was absolutely no possibility the case was going to settle given the parties' well-known previously conveyed offers, opinion of the case, the posture of the case, previous settlement discussions and rejections thereof. Plaintiff prays that this Court not impose sanctions as the conduct at issue was unintentional and harmless.

Dated: February 20, 2018

*/s/Jibrael S. Hindi*
Jibrael S. Hindi, Esq.
Florida Bar No. 118259
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com
***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

I certify that on this February 20, 2018, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including defendant's counsel as described below. Parties may access this filing through the Court's system.

>
> */s/Jibrael S. Hindi*
> Jibrael S. Hindi, Esq.
> Florida Bar No. 118259