UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80959-ROSENBERG/REINHART

PHILIP REVIEN,

    Plaintiff,

v.

EASTERN REVENUE, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment [DE 33] and Plaintiff's Motion for Partial Summary Judgment [DE 34]. The Court has carefully considered both Motions and the parties' respective filings in support thereof and in opposition thereto and is otherwise fully advised in the premises. For the reasons set forth below, both Motions are **DENIED**.

### I.    INTRODUCTION

This is an action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, ("FCCPA"). The relevant facts are not in dispute. On November 4, 1996, Plaintiff Philip Revien executed a Federal Perkins Loan Promissory Note (the "Note") in favor of Iona College for the amount of $1,500.00. *See* DE 33-2. Pursuant to the Note, Plaintiff "promise[d] to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due." *See id.* at 2. Iona College subsequently entered into a Collection Agreement with Defendant Eastern Revenue, Inc., pursuant to which Iona

College agreed to pay Defendant a 23% collection fee. *See* DE 33-4. Plaintiff is not a party to the Collection Agreement. *See id.*

On March 6, 2017, Defendant sent Plaintiff a letter seeking to collect the debt owed to Iona College. *See* DE 33-1. In that letter, Defendant indicated that Plaintiff owed a total of $3,308.35, consisting of the $1,500.00 principal loan amount plus $1,050.83 in interest and $757.52 in collection costs. *See id.* On July 26, 2017, Defendant sent Plaintiff a second letter, indicating that Plaintiff owed a total of $3,337.53. *See* DE 33-3. Both letters offered the option to pay by check, money order, or credit card, and indicated that a credit card processing fee would be added to any amount paid by credit card: "$15.00 for payments of $500.00 and less. 5% will be added to payments over $500.00." *See* DE 33-1 at 3; DE 33-3 at 2.

Plaintiff's Complaint contains two counts. In Count I, Plaintiff alleges (1) that Defendant violated § 1692f(1) of the FDCPA by attempting to collect interest,[1] collection costs, and credit card processing fees that were not expressly authorized by the Note or permitted by law and (2) that Defendant violated §§ 1692g(a)(1), 1692e(2), and 1692e(10) of the FDCPA by failing to inform Plaintiff of the true amount of the debt, falsely representing the character and amount of the debt, and using false representations and deceptive means to collect or attempt to collect the debt. *See* DE 1 ¶¶ 54–55. In Count II, Plaintiff alleges that Defendant violated § 559.72(9) of the FCCPA by attempting to collect costs and fees from Plaintiff when Defendant knew that it had no right to do so. *See id.* ¶ 63.[2]

In its Motion, Defendant argues that the collection costs and credit card processing fees it attempted to collect are authorized both by the terms of the Note and by law, and seeks summary

---

[1] In his Response to Defendant's Motion, Plaintiff states that he "no longer contests whether the interest being collected by Defendant violates the law." *See* DE 44 ¶ 53. Accordingly, the Court does not address that issue.
[2] In his Complaint, Plaintiff alleged two additional violations of the FDCPA and one additional violation of the FCCPA and sought actual damages, *see* DE 1 ¶¶ 45–53, 56–58, 60–62, but has since voluntarily dismissed these claims. *See* DE 31 (Joint Stipulation of Partial Dismissal with Prejudice); DE 32 (Order dismissing claims).

judgment as to all claims asserted by Plaintiff. In his Motion, Plaintiff argues that the credit card processing fees Defendant attempted to collect are authorized neither by the Note nor by law, and seeks partial summary judgment as to his claims that are based on those fees. Plaintiff does not seek summary judgment as to his remaining claims. The Court concludes that neither party is entitled to judgment as a matter of law.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

## III.    DEFENDANT'S MOTION

The Court begins with Defendant's Motion, the outcome of which turns largely on whether the collection costs and credit card processing fees that Defendant attempted to collect

were expressly authorized by the Note or permitted by law. *See* 15 U.S.C. § 1692f(1) (prohibiting "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law").[3] For the reasons set forth below, the Court cannot conclude as a matter of law that these costs and fees were expressly authorized by the Note or permitted by law. In addition, the Court concludes that there is sufficient evidence to create a genuine dispute as to whether Defendant knew that it had no right to collect these costs and fees.[4] Accordingly, summary judgment must be denied.

**A. Whether Costs and Fees Were Expressly Authorized by the Note**

In considering whether the collection costs and credit card processing fees at issue in this case were expressly authorized by the Note, the Court is guided primarily by the opinion rendered by the Eleventh Circuit Court of Appeals in *Bradley v. Franklin Collection Service, Inc.* Prior to filing suit, Melvin Bradley signed a patient agreement with a medical provider in which he "agree[d] to pay *all costs of collection*, including a reasonable attorney's fee" in the event he failed to pay for his medical treatment. 739 F.3d 606, 607, 609 (11th Cir. 2014) (emphasis added). When Bradley failed to pay, the medical provider referred his account to a debt collector. *Id.* at 607, 609. Pursuant to the collection contract between the medical provider and the debt collector (to which Bradley was not a party), the medical provider added 33-and-1/3% to the debt prior to transferring the account to the debt collector. *Id.* at 609. Bradley asserted, and the court agreed, that the collection of this fee violated the FDCPA because the patient agreement did not expressly authorize a percentage-based fee:

---

[3] While the Court notes that § 1692f(1) is only one of several statutory provisions allegedly violated by Defendant, the parties appear to agree that Plaintiff's claims for violation of §§ 1692g(a)(1), 1692e(2), and 1692e(10) of the FDCPA and § 559.72(9) of the FCCPA also rest on the contention that these costs and fees were not expressly authorized by the Note or permitted by law.
[4] This conclusion is relevant only to Plaintiff's claim for violation of the FCCPA (Count II).

> When Bradley signed [the medical provider]'s patient registration form, he only agreed to pay "all costs of collection." That is, Bradley agreed to pay the *actual* costs of collection; his contractual agreement with [the medical provider] did not require him to pay a collection agency's percentage-based fee where that fee did not correlate to the costs of collection.

*Id.* (emphasis added).

The court noted, however, that the contracting parties could agree to the collection of a percentage-based fee. *Id.* at 610. For example, Kevin Calma—Bradley's co-plaintiff—had signed an agreement stating: "I agree that if this account is not paid when due, and the hospital should retain an attorney or collection agency for collection, I agree to pay all costs of collection including reasonable interest, reasonably attorney's fees (even if suit is filed) and reasonable collection agency fees." *Id.* at 608. The court suggested that this language—specifically, the phrase "reasonable collection agency fees"—might amount to express authorization for a percentage-based collection fee. *Id.* at 610. The court also noted that the Seventh Circuit Court of Appeals had suggested that a percentage-based fee might be authorized under an agreement that contained the following language: "You agree to reimburse us the fees of any collection agency, which may be based on a percentage at a maximum of 33% of the debt, and all costs and expenses, including reasonable attorneys' fees, we incur in such collection efforts." *Id.* (citing *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1110, 1113 (7th Cir. 2008)).

Relying on *Bradley*, at least two courts within the Southern District of Florida have concluded that certain contractual language did not expressly authorize a percentage-based collection fee as a matter of law. In *Fonseca v. Focus Financial Services*, the plaintiff had "guarantee[d] payment of all attorney's fees, court costs and collection charges incurred in the event collection action is initiated by [the creditor]. . . . [and agreed that she would be] responsible for any . . . charges and collection fees not covered by [her] insurance carrier." No. 15-80410-CIV, 2016 WL 4146663, at *5 (S.D. Fla. Aug. 1, 2016). The court concluded that,

while the plaintiff had agreed to pay "collection charges" and "collection costs," the language of the agreement at issue did not necessarily authorize a 10% late charge followed by a 35% collection fee. *See id.* at *7. As a result, the court denied the defendant's motion for summary judgment. *See id.* ("It is not beyond dispute that such fees are authorized by the documents signed by Plaintiff. When the Court takes all of the undisputed facts and reviews them in the light most favorable to Plaintiff, the law does not support summary judgment in this case. Defendant has failed to demonstrate that the first two collection fees did not violate the FDCPA as a matter of law, and any doubt regarding whether a trial is necessary must be resolved in favor of Plaintiff.").

In *Cornette v. I.C. System, Inc.*, the court concluded that a 20% fee was not expressly authorized by the following language: "[I]n the event collection action is required to be initiated by [the creditor], I hereby guarantee payment of all attorney's fees, court costs and collection charges *incurred* up to 40% of the outstanding principal." 280 F. Supp. 3d 1362, 1365, 1369 (S.D. Fla. 2017) (emphasis added). As in *Bradley*, the court interpreted this language to authorize the *actual* costs of collection only, due in large part to the use of the word "incurred." *See id.* at 1367–68. The court noted that the creditor had agreed to pay the debt collector 20% of the amount collected from the debtor and that this amount was zero until the debt collector actually collected some amount. *See id.* at 1368. Accordingly, 20% of the total amount of the outstanding debt was not the actual amount of collection charges incurred at the time the collection letter was sent by the debt collector. *See id.* The attempt to collect that amount therefore violated the FDCPA. *See id.* at 1369.

With these examples in mind, the Court turns to the language at issue in the instant case. The Note[5] between Plaintiff and Iona College requires Plaintiff "to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due." DE 33-2. Viewing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the Court cannot conclude as a matter of law that this language expressly authorizes a 23% collection fee and a $15.00 or 5% credit card processing fee. In particular, the Court notes that Plaintiff has agreed to pay reasonable collection costs and other charges *necessary* for collection. *See id.* The use of the word "necessary" suggests that the Note encompasses only the *actual* costs of collection and *actual* credit card processing fees.[6] It is not beyond dispute that a 23% collection fee bears any relationship to the actual costs of collection, nor is it beyond dispute that a $15.00 or 5% fee bears any relationship to the actual credit card processing fees.

Defendant argues that the 23% fee was intended to approximate the actual costs of collection and is therefore expressly authorized by the Note. *See* DE 33 at 10. In support of this argument, Defendant points to its agreement with Iona College, which provides: "Fees: 23% Contingency Placements. Costs added to make whole." *See* DE 33-4 at 2. However, Defendant has offered no evidence that the 23% fee actually correlates to the costs of collection. While Defendant argues that the "make whole" method "*relates* to the actual cost of collection because it *attempts* to reimburse both creditor and collector by using a more exacting calculation to tally expenses on an on-going basis—the more a creditor charges in pursuit of someone's outstanding debt, the more that person is expected to pay," *see* DE 33 at 10 (emphasis added), this argument

---

[5] Plaintiff asserts that the Note must be interpreted under the least-sophisticated consumer standard. However, as Iona College is not a debt collector, that standard does not apply to any agreement between it and Plaintiff. *See Cornette*, 280 F. Supp. 3d at 1368 n.2. (citing *Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606, 606 (11th Cir. 2014)).

[6] Defendant does not appear to argue otherwise.

7

suggests that the make whole method is, at best, an attempt to estimate collection costs, which—like the percentage-based fee—is inconsistent with "actual costs." *See Cornette*, 280 F. Supp. 3d at 1368 (citing *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 644 (11th Cir. 2015)). Iona College and Defendant cannot alter Plaintiff's obligations by the terms of their subsequent agreement. *See Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 610 (11th Cir. 2014).

Furthermore, Defendant has offered no evidence of the processing fees actually collected by credit card companies. Plaintiff, on the other hand, has presented evidence that the average credit card processing fee ranges from 0.01% to 3%. *See* DE 44 at 16. This is sufficient to raise a genuine dispute as to whether Defendant attempted to collect the actual credit card processing fees or an amount greater than the actual fees.

For all of these reasons, the Court cannot conclude as a matter of law that the collection costs and credit card processing fees Defendant attempted to collect from Plaintiff are expressly authorized by the Note. Accordingly, Defendant is not entitled to summary judgment on this ground.

### B. Whether Costs and Fees Were Permitted by Law

Alternatively, Defendant argues that—even if the collection costs and credit card processing fees were not expressly authorized by the Note—these costs and fees were permitted by law. In support of this argument, Defendant points to 34 C.F.R. § 674.31, which requires that certain provisions be included in any Federal Perkins Loan promissory note. Specifically, Defendant cites § 674.31(5) ("An institution shall state in the promissory note that the institution will assess a late charge if the borrower does not . . . [r]epay all or part of a scheduled payment when due; or . . . [f]ile a timely request for cancellation or deferment with the institution.") and § 674.31(9) ("The promissory note must state that the borrower shall pay all attorney's fees and

other loan collection costs and charges."). There is nothing in the plain language of these sections to suggest that the collection costs and credit card processing fees Defendant attempted to collect are permitted. Furthermore, as Plaintiff points out, § 674.45—which governs collection procedures for Federal Perkins Loans—requires that Iona College assess against Plaintiff "all reasonable costs incurred" by Iona College with regard to the Note. *See* 34 C.F.R. § 674.45(e). That section further requires that the amount of collection costs charged to Plaintiff must be based on either actual costs incurred or average costs incurred for similar actions. *See id.* Again, collecting a percentage-based or estimated fee is inconsistent with "actual costs" and the word "incurred." *See Cornette v. I.C. System, Inc.*, 280 F. Supp. 3d 1362, 1368 (S.D. Fla. 2017).

For all of these reasons, the Court cannot conclude as a matter of law that the collection costs and credit card processing fees Defendant attempted to collect from Plaintiff are permitted by law. Accordingly, Defendant is not entitled to summary judgment on this ground.

Having concluded that the collection costs and credit card processing fees at issue in this case are not, as a matter of law, expressly authorized by the Note or permitted by law, the Court cannot conclude as a matter of law that Defendant did not violate the FDCPA. Accordingly, Defendant's Motion must be denied as to Count I.

## C. Whether Defendant Knew It Had No Right to Collect Costs and Fees[7]

While Defendant has failed to establish as a matter of law that the collection costs and credit card processing fees at issue in this case are expressly authorized by the Note or permitted by law, Defendant is nevertheless entitled to judgment in its favor as to Count II if it can establish the absence of a genuine dispute as to whether Defendant knew it had no right to collect these costs and fees.

---

[7] This section is relevant only to Plaintiff's claim for violation of the FCCPA (Count II).

To show a violation of section 559.72(9), it must be shown that a legal right that did not exist was asserted *and that the person had actual knowledge that the right did not exist*. Under Florida law, the use of the word knows requires actual knowledge of the impropriety or overreach of a claim. The statute does not provide for recovery if the creditor merely should have known the debt was not legitimate.

*Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1371 (S.D. Fla. 2017) (internal quotation marks and citations omitted) (emphasis added). Defendant argues that Plaintiff has failed to "provide any evidence that [Defendant] knew that the amounts it sought to collect were somehow illegitimate." *See* DE 33 at 11. While Plaintiff does not address this issue in his Response to Defendant's Motion, *see* DE 44 at 20, the Court concludes that "[a] reasonable jury could read [the Note], conclude that any reasonable [debt collector] reading the contract would have known that it could not charge [a 23% collection fee and a $15.00 or 5% credit card processing fee], and infer that [Defendant] had actual knowledge based on that conclusion." *See Prescott v. Seterus, Inc.*, 684 F. App'x 947, 949 (11th Cir. 2017). Accordingly, a genuine dispute of material fact exists, and Defendant is not entitled to judgment in its favor as to Count II.

### IV. PLAINTIFF'S MOTION

The Court now turns to Plaintiff's Motion, in which Plaintiff seeks partial summary judgment as to his claims that Defendant's attempt to collect credit card processing fees violated both the FDCPA and the FCCPA.[8] Viewing the facts in the light most favorable to Defendant and drawing all reasonable inferences in its favor, the Court cannot conclude as a matter of law that the Note does not expressly authorize a $15.00 or 5% credit card processing fee. Plaintiff agreed "to pay all reasonable collection costs, including attorney fees and other charges,

---

[8] Plaintiff asserts in the body of his Motion that "Defendant has violated § 1692f(1) of the FDCPA and § 559.72(9) of the FCCPA for attempting to collect credit card processing fees not authorized by the agreement." *See* DE 34 ¶ 34. However, Plaintiff's Motion includes no argument specific to the FCCPA. In addition, the Court notes that the wherefore clause of Plaintiff's Motion requests only "that this court enter Partial Summary Judgement against Defendant for violating § 1692f(1) of the FDCPA." *See id.* ¶ 26. It is therefore unclear whether Plaintiff seeks summary judgment as to both its FDCPA and FCCPA claims or as to its FDCPA claim only. For the reasons set forth herein, Plaintiff is not entitled to summary judgment as to either its FDCPA claim or its FCCPA claim.

necessary for the collection of any amount not paid when due." *See* DE 33-2 at 2. This language explicitly authorizes credit card processing fees incurred when a debt is collected by credit card. Even if the use of the word "necessary" limits the fees for which Plaintiff is responsible to those actually incurred, Plaintiff has presented no evidence of the actual credit card processing fees. Plaintiff argues only that the credit card processing fees Defendant attempted to collect were in excess of the *average* amount charged by credit card companies. It is therefore not beyond dispute that a $15.00 or 5% credit card processing fee is greater than the actual credit card processing fees. Accordingly, Plaintiff is not entitled to summary judgment.

### D. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Eastern Revenue, Inc.'s Motion for Summary Judgment [DE 33] is **DENIED**; and

2. Plaintiff's Motion for Partial Summary Judgment [DE 34] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of March, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record